IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Nationwide General Insurance Company,<br><br>    Plaintiff,<br>  v.<br><br>James E. Foust,<br><br>    Defendant. | Civil Action No.: 1:21-cv-00714-JMC<br><br>**ORDER AND OPINION** |

    Plaintiff Nationwide General Insurance Company brought the instant declaratory judgment action seeking a declaration as to whether Defendant James E. Foust satisfied the witness affidavit requirement of South Carolina Code Ann. § 38-77-170 (West 2022) sufficient to meet the threshold for uninsured motorist ("UM") coverage under South Carolina insurance law. (ECF No. 1.)

    This matter is before the court on Foust's Motion to Dismiss Nationwide's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) Nationwide opposes the Motion to Dismiss asserting that the case should proceed in this court. (ECF No. 10.) For the reasons set forth below, the court **DENIES** Foust's Motion to Dismiss.

    **I.    FACTUAL AND PROCEDURAL HISTORY**

    Nationwide alleges that it issued a personal auto insurance policy, policy number 6139V 137312 (the "Policy"), with effective dates of April 22, 2020, to October 22, 2020, to Foust and his estranged wife, Tami Foust. (ECF No. 1 at 2 ¶ 6 (referencing ECF Nos. 1-1, 1-2).) On June 20, 2020, Foust was involved in an auto accident wherein he alleges that he had to swerve off the road to avoid an oncoming vehicle in his lane. (ECF No. 7-2 at 3 ¶¶ 3–5.) Although Foust's vehicle never made contact with the unknown vehicle, he attests that he was forced off the road causing him to wreck and sustain bodily injuries. (*Id.*) Foust avers that he was the only person present at

1

the scene of the accident, but he contemporaneously told Tami Foust and their daughter over the phone that another vehicle came into his lane causing him to swerve and wreck. (*See* ECF No. 7-2 at 6–11.)

Foust subsequently sought coverage from his insurer, Nationwide, who issued the Policy providing UM coverage on his vehicle. (*See* ECF Nos. 1 at 2 ¶ 10, 10-1 at 1–2.) In support of his claim, Foust provided an affidavit from Tami Foust, dated October 13, 2020 (the "October Affidavit"). (*See* ECF No. 1-2.) Within the October Affidavit, Tami Foust avers that while on the phone with Foust, she heard him say "hold on, somebody's in my lane" before she heard "screaming and lots of loud noise over the phone." (*Id.* at 1 ¶¶ 5, 6.)

Under South Carolina law, an injured driver may not recover UM benefits for damages caused by an unknown driver unless: (1) the accident was reported to police in a reasonable time; (2) "the injury or damage was caused by physical contact with the unknown vehicle, or <u>the accident must have been witnessed by someone other than the owner or operator of the insured vehicle</u>; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;" and (3) the insured was not negligent in failing to identify the other driver.[1] S.C. Code Ann. § 38-77-170 (West 2022) (emphasis added). Citing the aforementioned affidavit requirement, Nationwide asserts that it denied UM coverage to Foust stating that the October Affidavit did not satisfy the statutory prerequisite because Tami Foust was

---

[1] The witness affidavit requirement was also memorialized in the Policy, which stated "[i]f there is no physical contact with the hit-and-run vehicle, the facts of the accident must be corroborated by an affidavit attesting to the truth of the facts of the accident signed by any eyewitness other than the owner or operator of the vehicle which you or any 'family member' were 'occupying' at the time of the accident." (ECF No. 1-1 at 48.) The court notes that the Policy references an "eyewitness," as opposed to the statutory requirement of a "witness." However, inconsistent policy provisions that have the effect of restricting coverage below that required by statute are void and unenforceable. *See, e.g., S. Farm Bureau Cas. Ins. Co. v. Fulton,* 137 S.E.2d 769 (S.C. 1964). Thus, the statutory affidavit requirement is the sole requirement at issue here.

2

not a witness with independent knowledge of the unknown vehicle. (ECF No. 10 at 3.) Shortly thereafter, Nationwide initiated this suit on March 12, 2021, seeking declarations that (1) Tami Foust's affidavit fails to satisfy the witness requirement of South Carolina Code Ann. § 38-77-170, and, therefore, (2) Nationwide owes no UM coverage to Foust for his claimed damages. (ECF No. 1 at 4 ¶ 27, 5 ¶ 37.)

After the instant lawsuit was filed, Foust filed suit against the unknown "John Doe" driver in South Carolina state court[2] seeking actual and punitive damages. (ECF No. 7-2 at 1–5.) Foust attached two (2) affidavits to the state court complaint, including an affidavit from Tami Foust with additional information not present in the October Affidavit and an affidavit from their daughter, Deishawna Foust, including substantially similar allegations as those included in Tami Foust's second affidavit. (*Id.* at 6–11.) Both affidavits essentially attest to what they heard Foust say over the phone immediately before the accident and then hearing sounds consistent with a wreck. (*Id.*)

Foust now argues in the instant Motion that Nationwide's Complaint should be dismissed because: (1) the current "action does not present a justiciable 'case or controversy'"; (2) this action is now moot in light of the state court action; and alternatively (3) the "[c]ourt should abstain from exercising its discretionary jurisdiction under the Declaratory Judgments Act." (ECF No. 7 at 1.)

## II.    JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. For jurisdictional purposes, Nationwide alleges that it

---

[2] S.C. Code Ann. § 38-77-180 (West 2022) specifically allows for such "John Doe" actions which provide UM insurers the right to defend in the name of John Doe. However, the affidavit requirement included in S.C. Code Ann. § 38-77-170 remains a prerequisite to suit.

is "an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. (ECF No. 1 at 1 ¶ 1.) Nationwide further alleges that Foust is a citizen and resident of Aiken County, South Carolina. (*Id.* ¶ 2.) The court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.* at 2 ¶ 4.)

### III.     LEGAL STANDARD

A.     Motions to Dismiss Pursuant to Rule 12(b)(6)

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires the complaint to contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Atlantic Corp. v. Twombly*, 550 U.S. 544, 580 (2007).

In reviewing the adequacy of a complaint, a court "should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. According to the United States Court of Appeals for the Fourth Circuit, "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs.*, 7 F.3d at 1134.

When considering a motion to dismiss, a court "may consider documents attached to the complaint or to the motion to dismiss so long as they are integral to the complaint and authentic." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (quoting *Kensington*

4

*Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012)).

B.      Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–42 (1937)). "[T]he dispute [must] be 'definite and concrete, touching the legal relations of parties having adverse legal interests." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting *Haworth*, 300 U.S. at 240–41).

The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

Generally speaking, however, "a motion to dismiss is rarely appropriate in a declaratory judgment action." *Palmer v. Audi of Am., Inc.*, No. GJH-14-03189, 2015 WL 222127, at *2 (D. Md. Jan. 13, 2015).

C.     Declaratory Judgment Jurisdiction

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Standing and ripeness are jurisdictional issues that courts must consider on their own initiative. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). Standing requires a plaintiff to allege a concrete injury that is "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1990) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Ripeness determines when a case or controversy is fit for federal judicial review. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967).

Even when standing and subject matter jurisdiction exist, a court has discretion to decide whether to exercise jurisdiction in declaratory judgment actions.

> Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants . . . Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995)).[3] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

---

[3] The court observes that in *Trustgard* the Fourth Circuit expressly focused its analysis on a duty to indemnify declaratory judgment action, which is not an issue in this matter. Nevertheless, the court finds dicta in the Trustgard opinion instructive in this matter.

practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. When an ongoing proceeding in state court overlaps with a federal declaratory judgment action, courts must particularly consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction. *Trustgard*, 942 F.3d at 202.

## IV.    ANALYSIS

Foust's first argument in support of his Motion to Dismiss is that the instant declaratory judgment action does not present a justiciable case or controversy. To constitute a "case or controversy" sufficient to support jurisdiction to entertain a declaratory judgment action, a case must present a dispute that is justiciable. *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 606 (D.S.C. 2019). Foust's second argument, that this action has become moot with the state suit filing, asserts much of the same reasoning and can therefore be addressed within the same analysis.

In essence, Foust argues that Nationwide's declaratory judgment action is based solely on the theory that Tami Foust's October Affidavit is not sufficient to satisfy the statutory prerequisite for UM coverage involving an unknown driver. Because the state court action is based upon two (2) affidavits different than the one attached to Nationwide's Complaint, resolution of the claims in the Complaint will not resolve the actual dispute between the parties. As such, resolution of the declaratory judgment action, as asserted in the Complaint, would merely be resolution of a hypothetical situation separate and apart from the state court claim which has since been asserted. Consequently, the filing of the state court claim, along with its two (2) new affidavits, has rendered Nationwide's request for declaratory judgment based on the October Affidavit moot.

Nationwide avers that this claim is not moot as the court is free to consider the new affidavits presented in the state court case in reaching its conclusion here. Moreover, these affidavits may be new in form but advance the same substantive claims as Tami Foust's October

Affidavit.  Namely, that there was no person present at the scene other than Foust and the only knowledge possessed by Tami Foust and Deishawna came from their contemporaneous call with Foust.  Nationwide avers that none of the affidavits meet the statutory "witness" affidavit requirement.

A review of the Complaint shows that Nationwide seeks two (2) separate declarations.  First, Nationwide "requests a declaration that Tami Foust's affidavit fails to satisfy the witness affidavit requirement of South Carolina Code § 38-77-170."  (ECF No. 1 at 4 ¶ 27.)  Second, Nationwide "requests a declaration that Defendant is not entitled to recover UM benefits for the alleged accident under South Carolina Code § 38-77-170."  (ECF No. 1 at 5 ¶ 37.)

At first glance, it appears that Nationwide's initial claim for declaratory relief in the Complaint may be moot given that it is based entirely on a request that the October Affidavit be deemed inadequate to satisfy the statutory witness requirement.[4]  However, the Complaint goes beyond merely referencing the October Affidavit by quoting specific provisions contained therein. (ECF No. 1 at 2–3 ¶ 11.)  The pertinent language identified in the Complaint from the October Affidavit, including "hold on, somebody's in my lane," has been repeated, nearly verbatim, within the new affidavits attached to the state court action.  (*Compare* ECF No. 7-2 at 7 ¶¶ 11–16, *with* ECF No. 10-1 at 3 ¶¶ 5–6.)  Accordingly, when construed in a light most favorable to Nationwide, its first claim for declaratory judgment is not moot because it requests a declaration based on the specific averments in the October Affidavit which have been duplicated in the new affidavits.  The substance of the witness testimony Nationwide challenges in the Complaint has remained virtually unchanged across the multiple affidavits.  Accordingly, when construed in its favor, Nationwide

---

[4] It is important to note that the October Affidavit was the only affidavit in existence at the time Nationwide filed this action.

8

has stated a claim for relief by challenging the substantive allegations Foust advances, regardless of the forms containing those allegations.

Additionally, when construed in a light most favorable to Nationwide, its second claim seeks a declaration that Foust is not entitled to UM coverage, regardless of which specific affidavits have been asserted to support the claim. Therefore, the Complaint has not been mooted by the filing of two (2) new affidavits in the state court case.[5] To hold otherwise would allow Foust to manipulate this court's jurisdiction through the guise of mootness by continually filing new affidavits. Such manipulation has been disavowed by the Fourth Circuit. *See Porter v. Clarke*, 852 F.3d 358, 364 (4th Cir. 2017)("[T]he [voluntary cessation] exception seeks to prevent a manipulative litigant immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after.") (internal quotations omitted).

Because Nationwide's claims have not been mooted, they also present a justiciable case or controversy. To state a case or controversy, a plaintiff must establish a dispute that is "definite and concrete, touching the legal relations of parties with adverse interests." *MedImmune, Inc.,* 549 U.S. at 127. In other words, the basic question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc.*, 549 U.S. at 127 (quoting *Md. Cas. Co.,* 312 U.S. at 273).

Here, the dispute between the parties is definite and concrete. The witness affidavit requirement is a prerequisite to Foust's ability to claim UM benefits or bring a John Doe suit for

---

[5] Even if this court were to determine that the new affidavits in the state court action render Nationwide's current claims moot, the proper remedy would be to allow Nationwide an opportunity to amend its Complaint to base its allegation upon the new affidavits – not an outright dismissal.

those benefits. This determination rests solely on the adequacy of two (2) affidavits already in existence and presented to the court. A determination by this court will definitively establish or foreclose Foust's right to proceed with such claims. Thus, Nationwide's Complaint firmly establishes that a case or controversy exists between the parties and is of sufficient reality to warrant issuance of a declaratory judgment.

Foust's alternative argument is that this court should decline to exercise its discretionary grant of jurisdiction. The court must balance several factors when deciding whether discretion is being appropriately exercised under the Declaratory Judgment Act. The Fourth Circuit has generally "held that a district court should normally entertain a declaratory judgment action when it finds that the declaratory relief sought: (1) 'will serve a useful purpose in clarifying and settling the legal relations in issue,' and (2) 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (citation omitted). However, when there is underlying litigation pending in state court, the Fourth Circuit has observed that a court should consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;[] (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law,"[; and iv] whether the declaratory judgment action is being used merely as a device for "procedural fencing" —that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)). *See also Trustgard*, 942 F.3d at 202.

Here, these factors weigh in favor of the court exercising its discretionary grant of jurisdiction under the Declaratory Judgment Act. First, this action will indeed serve a useful

10

purpose in clarifying and settling the legal relations in issue. As stated above, the witness affidavit is a prerequisite to a John Doe suit or other claim for UM benefits. Accordingly, resolution of this action will either open the door for Foust's state court action or bar his pursuit thereof. This determination will likewise afford relief from the uncertainty of UM coverage which gave rise to this controversy. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998) ("It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism.").

Moreover, considerations of federalism, efficiency, and comity weigh in favor of this court exercising jurisdiction. "[A]lthough only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having these issues decided in state court." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996). *See, e.g.*, *Capitol Specialty Ins. Corp. v. Tayworsky LLC*, C/A No. 2:16-cv-11340, 2018 WL 1902548, at *2 (S.D. W. Va. Apr. 20, 2018) (""However, federal courts routinely decide matters of state law, and the Fourth Circuit has routinely recognized that the discretion to abstain 'may be exercised only when the questions of state law involved are difficult, complex, or unsettled.'" If the question involves the routine application of the State's insurance laws, this factor will not weigh in favor of abstention." (internal and external citations omitted)). The issues presented here do not involve questions of law which are particularly difficult, complex, or unsettled. The only question presented is whether the relevant affidavits satisfy the statutory witness requirement. South Carolina courts have provided ample guidance on this principal. *See Silva for Est. of Silva v. Allstate Prop. & Cas. Ins. Co.*, 818 S.E.2d 753, 757 (S.C. 2018) ("[I]in order to comply with section 38-77-170(2), the affiant must have observed at least some part of the incident."); *Bradley v. Doe*, 649 S.E.2d 153, 160 (S.C. Ct. App. 2007) ("The affidavits of independent

witnesses must contain some independent evidence of an unknown vehicle's involvement in the accident."); *Shealy v. Doe*, 634 S.E.2d 45, 46 (S.C. Ct. App. 2006) (holding that two passengers thrown from the bed of a pickup truck when it crashed were not considered "witnesses" when they merely relayed information provided by the driver.).

Additionally, there appears to be no factual disputes.  Rather, Nationwide seeks a determination that the facts presented in the affidavits, accepted as true, do not meet the threshold witness affidavit requirements.  Accordingly, this court can efficiently resolve the controversy presented and there is a minimal risk of entanglement with the state court.

Lastly, Foust's concerns of "procedural fencing" are belied by the fact that this federal action was initiated immediately after Nationwide denied Foust's claim for UM benefits.  Foust did not move for dismissal until after he later filed the state court action which included new affidavits.  Accordingly, any additional procedural hurdles appear to be a byproduct of his own making.

Additionally, cases from the Fourth Circuit and this District reveal that abstention is rarely applied in declaratory judgment actions under similar procedural postures. This court and the Fourth Circuit have previously considered questions concerning the adequacy of UM affidavits, even when John Doe actions were pending in state court.  *See Silva v. Allstate Prop. & Cas. Ins. Co.*, No. CV 3:17-163-RMG, 2017 WL 11296880 (D.S.C. Sept. 5, 2017); *Wausau Underwriters Ins. Co. v. Howser*, 978 F.2d 1257 (4th Cir. 1992).

Accordingly, the above factors weigh in favor of this court exercising the discretionary grant of jurisdiction under the Declaratory Judgment Act.

### V.     CONCLUSION

For all of the reasons stated above, the court **DENIES** Defendant James E. Foust's Motion

to Dismiss for failure to state a claim (ECF No. 7).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 4, 2022
Columbia, South Carolina